JACK E. CASSIDY (DECEASED) BY JOSEPH A. CASSIDY AND JERRY BOCK, AS EXECUTORS OF THE ESTATE OF JACK E. CASSIDY, AND SHIRLEY JONES CASSIDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cassidy v. Commissioner
Docket No. 22637-81.
United States Tax Court
T.C. Memo 1982-406; 1982 Tax Ct. Memo LEXIS 349; 44 T.C.M. (CCH) 507; T.C.M. (RIA) 82406; July 19, 1982. David L. Blender and Marshall N. Schwartz, for the petitioners. Charles W. Jeglikowski, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined *350 a deficiency in petitioners' Federal income tax for 1972 in the amount of $26,205. The case is presently before the Court on cross-motions of the parties to dismiss for lack of jurisdiction. The notice of deficiency was mailed on May 29, 1981, and the petition was filed 91 days thereafter, on August 28, 1981. Respondent's motion requests dismissal on the ground that petitioners failed to file a petition within the 90-day period prescribed by sections 6213(a) and 7502. [1] Petitioners do not dispute that they failed to file a timely petition; however, they ask that the case be dismissed on the ground that respondent failed to properly mail a notice of deficiency to their "last known address." [2]
Under section 6212, [3] respondent *351 is authorized to send a notice of deficiency to a taxpayer by certified or registered mail, and in general, such notice will be sufficient if mailed to the taxpayer's "last known address." For this purpose, a taxpayer's "last known address" is that address to which, in light of all the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice to be sent. E.g., , affg. a Memorandum Opinion of this Court; ; . In other words, focusing upon respondent's knowledge (rather than upon what may have been the address actually in use by the taxpayer), it must appear that respondent exercised reasonable care and diligence in mailing the notice of deficiency. See , revg. on other grounds a Memorandum Opinion of this Court; ; , affd. *352 per order . After considering all of the facts and circumstances surrounding the mailing of the notice of deficiency in the instant case, we find that respondent mailed it to petitioners at their "last known address." The *353 facts upon which we rely in reaching this conclusion are as follows: 1. On or about April 15, 1973, Jack E. Cassidy (decedent) and Shirley Jones Cassidy (Shirley) filed a joint Federal income tax return for 1972 with the Internal Revenue Service Center, Fresno, California (FSC). The address shown for decedent and Shirley on this return was "c/o Leon T. Bush, 11740 Wilshire Blvd., Los Angeles, CA 90025." 2. On or about April 15, 1975, decedent and Shirley filed a joint Federal income tax return for 1974 with the FSC. That return showed the address of decedent and Shirley as being in care of H.M. Borris & Co., 9401 Wilshire Boulevard (the Borris address). 3. On April 2, 1976, decedent and Shirley executed a Form 872 "Consent" extending the period of limitations on assessment of their 1972 Federal income taxes to April 15, 1977. The Form 872 shows the Borris address for decedent and Shirley, and it was received by the Review Staff of the Los Angeles District Director (the audit division) on April 6, 1976. 4. On April 12, 1977, the audit division received a copy of Letters Testamentary appointing Joseph A. Cassidy and Jerry Bock as co-executors of decedent's estate (decedent *354 died on December 12, 1976). [4] At the same time, the audit division received a Form 872 extending the period of limitations on assessment of Federal income taxes for 1972 to May 31, 1979. This document was executed by the co-executors on behalf of the estate and by Howard M. Borris on behalf of Shirley, and it showed the Borris address for decedent and Shirley. Because Howard M. Borris was not properly authorized to represent Shirley before the Internal Revenue Service, a power of attorney appointing him to represent her was filed with the audit division on April 14, 1977, along with a second Form 872, executed by Howard M. Borris only (on behalf of Shirley), extending the period of limitations for 1972 until May 31, 1979. The address shown for Shirley on the power of attorney was 701 N. Oakhurst Drive, Beverly Hills, California, but the Form 872 showed the Borris address for both decedent and Shirley. 5. On December 6, 1977, the audit division received a power of attorney authorizing two attorneys, Marshall N. Schwartz and Norton S. Karno, and an accountant, Ronald B. Karno, to represent *355 decedent's estate before the Internal Revenue Service with respect to his 1972 income tax return. This document, which was executed by the co-executors of the estate, directed that "copies of notices and other written communications addressed to the taxpayer(s)" be sent to Marshall N. Schwartz and Norton S. Karno at 16255 Ventura Boulevard and to Ronald B. Karno at 1901 Avenue of Stars. [5]
6. On April 14, 1978, the FSC received a Form 843 "Claim" stating that a claim was being made to deduct in 1974 any amounts disallowed as a result of the audit of decedent's and Shirley's joint return for 1972. The Form 843 showed an address for decedent and Shirley in care of the Karno Accountancy Corporation, 2049 Century Park East, Suite 755 (the Karno address), and stated that this address was different from the Borris address shown on the 1974 joint tax return of *356 decedent and Shirley. The Form 843 was signed by the co-executors of the estate and by Shirley. On April 24, 1978, the FSC received a second Form 843 which was identical to the first except that it was executed only by the executors and not by Shirley. The FSC sent the Form 843 to the audit division to be associated with the joint return of decedent and Shirley for 1972. 7. On February 22, March 5, and April 17, 1979, the audit division mailed letters to the Borris address requesting an extension of the period of limitations on assessment for 1972 from May 31, 1979 to May 31, 1981. On May 15, 1979, the audit division received a Form 872 extending the period of limitations to May 31, 1981. The Form 872 was executed on March 7, 1979, by Howard M. Borris on behalf of Shirley and on May 7, 1979, by the co-executors on behalf of the estate; it showed the Borris address for decedent and Shirley. 8. On or about April 15, 1977, decedent's last income tax return, which was for 1976, was filed with the FSC. The return indicated a filing status of single and showed the Karno address for decedent. A fiduciary income tax return, showing the Karno address, was filed with the FSC by *357 the co-executors of decedent's estate on or about September 15, 1978. On or about July 15, 1979, March 15, 1980, and March 15, 1981, fiduciary income tax returns were filed with the FSC by one of the co-executors of decedent's estate showing an address in care of the Leffler Accountancy Corp., 2049 Century Park East, Suite 3070 (the Leffler address). 9. On December 31, 1980, February 4, 1981, and April 17, 1981, the audit division mailed letters to the Borris address requesting an extension of the period of limitations on assessment for 1972 beyond May 31, 1981. Because no consent to extend the period of limitations was received, the audit division mailed a notice of deficiency to the Borris address on May 29, 1981. The Borris address was used because the most recent correspondence had been sent to that address and because the last Form 872 in the file, executed by the co-executors on behalf of the estate and by Howard M. Borris on behalf of Shirley, showed the Borris address for both decedent and Shirley. A copy of the notice of deficiency was mailed to one of the attorneys (at 16255 Ventura Boulevard) authorized in the power of attorney received by the audit division on December 6, 1977, to *358 represent the estate. Petitioners filed their petition on August 28, 1981, 91 days after the mailing of the notice of deficiency; the copy of the notice of deficiency attached to the petition bears a stamp indicating that it was received by the law firm of the attorneys authorized to represent the estate on June 1, 1981, only 3 days after it was mailed. We think it clear that, in view of the history of petitioners' communications with respondent, respondent acted reasonably in sending the notice of deficiency with respect to the joint tax return for 1972 to the Borris address shown on the last Form 872 received by the audit division, along with a copy to one of the attorneys named in the most recent power of attorney. It appears that there may well have been other addresses to which respondent could have mailed the notice of deficiency, but we cannot say on the record before us that he acted unreasonably in mailing it to the Borris address. Compare ;;. Petitioners do not dispute that respondent is entitled *359 to use documents submitted to him by a taxpayer in reasonably determining that taxpayer's "last known address." See . However, petitioners contend that respondent should have used the Karno address shown on the Form 843 "Claim" as their "last known address." Petitioners would have us disregard the Borris address shown on the Form 872 received by the audit division approximately 1 year after the Form 843 was filed, primarily on the ground that the fiduciary income tax returns filed with the FSC subsequent to the May 15, 1979, receipt of the Form 872 corroborate the Karno address shown on the Form 843. [6] However, there is nothing in the record to connect Shirley to the filing of those returns, and contrary to petitioners' contentions, the address shown on those returns is the Leffler address and not the Karno address. We think the record fully supports our conclusion that respondent acted reasonably in mailing the notice of deficiency to the Borris address, the address shown on the last correspondence (the Form 872) received by the audit division and the address at which respondent had successfully communicated with both Shirley *360 and the co-executors. [7]
For the reasons stated herein, petitioners' motion to dismiss for lack of jurisdiction on the ground that respondent failed to issue a proper notice of deficiency will be denied and respondent's motion to dismiss for lack of jurisdiction on the ground that petitioners failed to file a timely petition will be granted. [8]
*361 An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. ↩
2. If the case is dismissed on the ground requested by petitioners, the effect may be to vitiate any assessment of tax for 1972. On the other hand, dismissal on the ground that the petition was not timely would have no effect on the assessment of tax. See .↩
3. Sec. 6212(a) and (b)(1) provides as follows: (a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. (b) Address for Notice of Deficiency.-- (1) Income and gift taxes and taxes imposed by chapter 42.--In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.↩
4. All further references to decedent's address are to the address of the co-executors.↩
5. Inexplicably, the address given for Ronald B. Karno in the section of the power of attorney authorizing him to represent the estate (an address referred to in the text, infra,↩ as the Karno address) was different from the Avenue of Stars address to which copies of notices and other documents were to be sent to him.
6. A subsequently filed tax return does not, by itself, constitute adequate notice to respondent of a change of address. . Such returns may, however, influence the determination of a taxpayer's "last known address." See, e.g., , revg. an order of this Court; . ↩
7. Petitioners have made no argument that the co-executors and Shirley should have received deficiency notices at separate addresses.↩
8. In view of our conclusion that the notice of deficiency was mailed to petitioner's "last known address," we need not consider respondent's alternative argument that even if there was an error in mailing the notice was nevertheless valid because petitioners received actual notice with sufficient time to file a petition. See . Cf. (actual notice received and petition timely filed), affg. .↩